**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KELLY HARRINGTON,<br><br>       Plaintiff<br><br>   v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>       Defendant | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

KELLY HARRINGTON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant conducts business in the Commonwealth of Massachusetts; as such, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

PLAINTIFF'S COMPLAINT

**PARTIES**

5. Plaintiff is a natural person residing in Worcester, Massachusetts 01610.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its principal place of business located at 20816 44th Avenue West, Lynnwood, Washington 98036.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a consumer debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. The debt, a home utility bill (Verizon phone service), arose out of transactions that were primarily for personal, family, or household purposes.

12. Beginning on or around April 2013, and continuing through September 2013, Defendant repeatedly and continuously contacted Plaintiff on her home telephone in its attempts to collect a consumer debt.

13. Defendant contacted Plaintiff, on average, one (1) to three (3) times a day and on the weekends, which was an inconvenient time for her to receive collection calls.

14. On numerous occasions, Plaintiff answered Defendant's calls and instructed its collectors to stop calling her.

15. Defendant, however, failed to update its records to stop the calls to Plaintiff's home telephone.

16. Further, Defendant failed to remove Plaintiff's home telephone number from its call lists.

17. Rather, Defendant continued to call Plaintiff on her home telephone knowing that its calls were unwanted and that it had been told to stop calling her.

18. Defendant's calls to Plaintiff continued with such frequency that she regularly received more than ten (10) collection calls a week.

19. Finally, after enduring a relentless barrage of collection calls, on August 22, 2013, Plaintiff made arrangements to pay $50.00 per month, and made a $50.00 payment on that same day, being given the understanding that the repetitive calls would stop if she did so.

20. Instead, Defendant persisted in calling Plaintiff's home telephone seeking and demanding payments.

21. Lastly, within five (5) days of its initial communication with Plaintiff, Defendant failed to send written correspondence informing Plaintiff's rights to dispute the debt, request verification of the debt, and/or request information about the original creditor.

22. To date, Plaintiff has never received anything in writing from Defendant

23. Upon information and belief, Defendant contacted Plaintiff on a repetitive and continuous basis with the intent to annoy, harass, and abuse Plaintiff in its attempts to collect a debt.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

24. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating

      with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

b. Here, Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff after having been told to stop calling her home telephone, as it was inconvenient for her to receive collection calls to this telephone number particularly on the weekends.

## COUNT II

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff one (1) to three (3) times a day, causing her to receive more than ten (10) collection calls, and continuing to call her after having been told to stop calling her on numerous occasions, with the intent to annoy, abuse and harass her.

### COUNT III

a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to stop the collection calls to Plaintiff's home telephone and failing to remove her home telephone number from its call lists, after having been told on more than one occasion to stop calling her home telephone and continuing to call her after she made a payment and payment arrangements.

### COUNT IV

a. A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a

statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b. Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, KELLY HARRINGTON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KELLY HARRINGTON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: February 28, 2014               By: /s/ Craig Thor Kimmel
                                      Craig Thor Kimmel
                                      BBO #662924
                                      Kimmel & Silverman, P.C.
                                      30 E. Butler Pike
                                      Ambler, PA 19002
                                      Phone: (215) 540-8888
                                      Fax: (877) 788-2864
                                      Email: kimmel@creditlaw.com